NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| URIEL MORA GONZALES, | : | Civil Action No. 12-7160 (RBK) |
| | : | |
| Petitioner, | : | |
| | : | **OPINION** |
| vs. | : | |
| | : | |
| | : | |
| DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**APPEARANCES:**

**URIEL MORA GONZALES**, Petitioner pro se
#09452-030
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**KUGLER**, District Judge

Uriel Mora Gonzales ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the denial of a transfer to a prison located within 500 miles of his family in California.[1] This Court will summarily dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claim in a properly filed action of the kind authorized by *Bivens v. Six*

---

[1] When Petitioner initially filed his petition, he failed to include the filing fee or a complete application to proceed in forma pauperis. (*See* Docket Entry No. 1.) This Court entered an order administratively terminating the action. (Docket Entry No. 2.) Thereafter, Petitioner submitted the required filing fee. As such, the Court will re-open the instant case to consider the petition.

1

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2]

## I. BACKGROUND

Petitioner is currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. Petitioner asserts that his request to be transferred to a facility in California to be closer to his family is being denied based on his immigration detainer. He argues that the Bureau of Prisons' policy of denying prisoners who are under immigration detainers "nearer release transfers" violates his due process and equal protection rights. Petitioner requests that the Bureau of Prisons transfer him to a facility near his family as soon as possible.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to *sua sponte* dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. Dismissal without the

---

[2] This Court has not evaluated the merits of any *Bivens* claim.

filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir.1985; *see also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); *see also Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

## II. DISCUSSION

### A. Jurisdiction

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless... He is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).  "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  *Coady v. Vaughn*, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976).

In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety prison transfer:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community.
>
> Inmates may be eligible for weekend passes, overnight passes, or furloughs. *See United States v. Hillstrom*, 988 F.2d 448 (3d Cir. 1993); *see also United States v.Latimer*, 991 F.2d 1509, 1513 (9th Cir. 1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison). Given these considerations, and the weight of authority from other circuits ..., we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

*Woodall*, 432 F.3d at 243-244 (footnotes omitted).

Unlike *Woodall*, Petitioner in this case challenges the failure to transfer him from Fort Dix to a facility in California. However, "habeas corpus cannot be used to challenge a transfer

between prisons ... unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about ... a quantum change in the level of custody." *Ganim v. Federal Bureau of Prisons*, 235 F. App'x. 882, 884 (3d Cir. 2007) (quoting *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999)). Applying *Woodall*, the United States Court of Appeals for the Third Circuit held in *Ganim v. BOP* that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not cognizable under § 2241 and that this Court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction. Similarly, this Court finds that it lacks jurisdiction to entertain Petitioner's challenge to the failure to transfer him from Fort Dix to a facility in California under 28 U.S.C. § 2241, and will dismiss the action, without prejudice to the filing of a civil rights action of the kind authorized by *Bivens*, 403 U.S. 388.[3] *See Ganim*, 235 F. App'x. at 884 (vacating District Court's order denying § 2241 petition on merits and remanding with instruction to dismiss the petition for lack of jurisdiction); *see also Levi v. Ebbert*, 353 F.App'x. 681, 682 (3d Cir. 2009)("We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition....None of his claims challenge the fact or length of his sentence or confinement"(internal citations omitted)); *Cohen v. Lappin*, 402 F.App'x. 674, 676 (3d Cir. 2010) ("...Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment]... In the absence of the type of change in custody level at issue in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence

---

[3] This Court's dismissal without prejudice should not be construed as a comment on the merits of such a claim under *Bivens*.

cognizable in a § 2241 proceeding.")

### III. CONCLUSION

For the reasons stated above, the petition is hereby dismissed for lack of jurisdiction, without prejudice to the filing of a civil action.


Dated:   December 19, 2012

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge